# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY KNOX,<br><br>                     Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION AND MICAH BENNETT,<br><br>                     Defendants. | Case No.: 18-cv-0030-AJB-AGS<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO FILE IFP AND DISMISSING THE CASE WITHOUT PREJUDICE**<br><br>**(Doc. Nos. 1, 4.)** |

The Court reviews pro se plaintiff Peggy Ruth Knox's complaint under 28 U.S.C. § 1915(e), as required when a plaintiff files a motion to proceed in forma pauperis. (Doc. Nos. 1, 2.) Under this mandatory screening, the Court finds that Knox's amended complaint does not sufficiently state a claim for relief. Thus, the Court **DENIES as moot** Knox's IFP motion, (Doc. No. 2), and **DISMISSES** her amended complaint, (Doc. No. 4), with leave to amend.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Knox moves to proceed IFP under 28 U.S.C. § 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is

granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. CivLR 3.2.a.

Here, Knox indicates in her declaration that she is on a fixed social security disability income of approximately $900 per month, (Doc. No. 2), and has provided further supplemental documentation that her precise income amount is $915.72 per month (Doc. No. 6 at 31). However, Knox's approximate monthly expenses of $1,129 for rent, utilities, food, clothing, laundry, insurance, and credit card installment payments exceed her income. (Doc. Nos. 2, 6.) In light of the above, the Court finds that Knox meets the § 1915(a) requirements and therefore **GRANTS** Plaintiff's motion to proceed IFP. *See* CivLR 3.2.

## II. SCREENING UNDER 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim"). Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts . . . ." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (internal quotation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint is facially plausible when the facts alleged allow "the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.*

Also, pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleading than litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted); *see Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds*, *Lopez*, 203 F.3d at 1126–30 (9th Cir. 2000). Thus, the Supreme Court has stated that federal courts should liberally construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)); *see, e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (reasoning that pro se pleadings are liberally construed).

Therefore, when considering whether the complaint should be dismissed, the Court should liberally construe Knox's legal claims. However, pro se plaintiffs are expected to follow "the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."). Thus, failure to meet procedural requirements will not receive as much latitude.

### III. DISCUSSION

Knox brought suit against the U.S. Customs and Border Protection and Micah Bennett. (Doc. Nos. 1, 4 at 2.) Knox claims that two border agents at the San Ysidro border crossing damaged her car and caused injury to her head, neck, and back. (Doc. No. 4 at 2.) She claims that, while waiting in the inspection lane, she heard "two loud bangs" and saw a metal stick in one of the agent's hands. (*Id.*) She also concedes that she did not know what was happening, (*Id*); perhaps this was partly because she had been instructed to sit in the driver's seat (*Id*). After leaving the border crossing, Knox felt pain in her head, neck, and back. (*Id.*) She visited a chiropractor to assist with the pain. (*Id.*) Knox also called her

insurance carrier, Progressive, and informed them that her car had been vandalized. (*Id*.) Knox alleges that the Mossy Nissan Collision Department told her that there was damage to the bottom frame of her vehicle. (*Id*.) Later, her car began to rattle, and the Mossy Service Center notated that a metallic high pressure hose detached from its frame and that the battery needed to be replaced, (*Id*); however these issues were covered through warranty (*Id*). Knox also claims that Micah Bennett, of Indianapolis, Indiana, told Knox that her insurance claims were denied, and has not returned her phone calls. (*Id*.)

Since she is suing a governmental agency for seeming personal injury, the Court liberally construes her pleading under the Federal Tort Claims Act (FTCA).

**A. LEGAL STANDARD UNDER FTCA**

An action against the government for damages resulting from the wrongful conduct or negligence of a government employee must be brought under the Federal Tort Claims Act. 28 U.S.C. §§ 2671–80. Under the FTCA, the United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

The United States is the only proper party defendant in an FTCA action. *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1077 (9th Cir. 1998). Moreover, the "FTCA is the exclusive remedy for tort actions against a federal agency, and this is so despite the statutory authority of any agency to sue or to be sued in its own name." *Id*. (affirming the district court's dismissal of plaintiff's FTCA claim as improperly brought against a person and entity not subject to the FTCA); *see also Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) ("The district court also properly dismissed Lance's action to the extent his complaint named Does 1 through 20 as additional defendants: the United States is the only proper defendant in an FTCA action."). Here, since plaintiff is pro se, the Court overlooks that she has named an incorrect party as defendant. This error would need to be corrected if her case were to proceed.

Further, courts look to state law to define the actionable wrong for which the United States is liable under the FTCA. *Poindexter v. United States*, 647 F.2d 34, 36 (9th Cir.

4

1981). Here, liberally construed, Knox claims she suffered personal injury, (Doc. No. 1 at 2), thus, the California state law at issue is negligence. In California, negligence is the "failure to exercise the care that a reasonable person would under the circumstances." *Massey v. Mercy Med. Ctr. Redding*, 103 Cal. Rptr. 3d 209, 213 (App. Ct. 2009). To state a claim of negligence, Knox must allege (1) the existence of a legal duty of care, (2) breach of that duty, (3) and proximate cause resulting (4) in injury. *Castellon v. U.S. Bancorp*, 163 Cal. Rptr. 3d 637, 640 (App. Ct. 2013).

### B. PLAINTIFF STATES A CLAIM AGAINST THE GOVERNMENT REGARDING THE CAR DAMAGE

As to the U.S. Customs and Border Protection, the only element of negligence that Knox alleges is the injury. (Doc. No. 4 at 2.) Also, she conclusively assumes that the border agent caused the damage, without establishing any causal connection. (*Id*.) The Court need not accept complaints that assert bare legal conclusions. *See Franklin*, 745 F.2d at 1228.

However, res ipsa loquitur is applicable "where the accident is of such a nature that it can be said . . . that it probably was the result of negligence by someone and that the defendant is probably the one responsible." *Bedford v. Re*, 510 P.2d 724, 726 (Cal. 1973) (internal quotations omitted). When res ipsa loquitur applies, the proximate cause element of negligence is presumed. *Elcome v. Chin*, 1 Cal. Rptr. 3d 631, 636 (App. Ct. 2003). Res ipsa loquitur "is not a rule of substantive law imposing liability in the absence of negligence but is a rule of evidence giving rise to an inference of negligence in certain cases." *Pac. Tel. & Tel. Co. v. Lodi*, 137 P.2d 847, 850 (Cal. App. Ct. 1943). For res ipsa loquitur to apply, the injury: (1) must "be of the kind which ordinarily does not occur in the absence of someone's negligence;" (2) must have been caused by an "instrumentality in the exclusive control of the defendant;" and (3) must not have been due to "any voluntary action or contribution on the part of the plaintiff." *Elcome*, 1 Cal. Rptr. 3d at 636; *Barrera v. De La Torre*, 308 P.2d 724, 726 (Cal. 1957).

Thus, when Knox's allegations against the U.S. Customs and Border Protection are liberally construed, she has stated a claim—but only as to her vehicle damage. Even when

utilizing res ipsa loquitur, she does not provide any factual allegations or common sense allegations connecting the "loud bang" to the pain in her head, neck, and back. (Doc. No. 4 at 2.) But, the claim stated with regarded to the car damage is overshadowed by the other overwhelming deficiencies in her amended complaint.

### C. PLAINTIFF FAILS TO ALLEGE FACTS THAT SHE EXHAUSTED HER ADMINISTRATIVE REMEDIES

The FTCA provides that the claimant must first present her claim to the appropriate Federal agency. 28 U.S.C. § 2675(a). "The purpose of requiring the plaintiff to file an administrative claim before bringing an action is to allow the agency to investigate the claim to determine whether it should be voluntarily paid or a settlement sought." *Poindexter*, 647 F.2d at 36. The Supreme Court has held that courts lack subject matter jurisdiction and must dismiss FTCA actions which are brought before the administrative remedies are exhausted. *McNeil v. United States*, 508 U.S. 106, 113 (1993). As a jurisdictional prerequisite, an FTCA action can only be initiated "once an administrative claim is denied, either actually, or constructively by the agency's failure to act upon the claim within six months." *Sparrow v. U.S. Postal Service*, 825 F. Supp. 252, 253 (E.D. Cal. 2011) (citing 28 U.S.C. § 2675(a)). The claim filing requirement of the FTCA is jurisdictional in nature and cannot be waived. *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) (citing *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992)); *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985).

To bring an action under the FTCA, Knox must have first filed a written claim for money damages with the federal agency employing the negligent employee. 28 U.S.C. § 2675. She fails to allege this fact, which serves as a threshold issue in FTCA cases.

### D. PLAINTIFF FAILS TO ALLEGE FACTS THAT SHE MET THE STATUTE OF LIMITATIONS

While substantively the FTCA follows state liability law, § 2401(b) unequivocally provides a statute of limitations for FTCA claims in order to "encourage the prompt presentation of claims." *United States v. Kubrick*, 444 U.S. 111, 117 (1979). Therefore, the

6

statute of limitations in § 2401 governs FTCA actions, even when the state statute of limitations is longer or shorter. *Poindexter*, 647 F.2d at 36 ("A court must look to state law for the purpose of defining the actionable wrong for which the United States shall be liable, but to federal law for the limitations of time within which the action must be brought."). Thus, a claim against the government alleging tort liability under the FTCA must be presented in writing to the Federal agency within two years, and the complaint must be filed within six years after the claim was denied by the agency. 28 U.S.C. § 2401.

Knox alleges that the injury occurred on November 16, 2015. (Doc. No. 4 at 2.) If Knox did comply with 28 U.S.C. § 2675(a) and has already filed a written grievance with the Federal agency, she would be within the allowable time period to file a claim in federal court. If she has not filed such a claim with the U.S. Customs and Border Protection, two year statute of limitations for has since lapsed. Thus, the Court cannot judge whether the statute of limitations has passed, which serves as another threshold issue in FTCA cases.

### E. PLAINTIFF FAILS TO STATE A CLAIM AGAINST MICAH BENNETT

Knox has presented twenty words in support of her claim against Micah Bennett, which are wholly devoid of context and factual allegations. (Doc. No. 4 at 2.) A complaint does not suffice if it tenders naked assertions devoid of factual enhancement. *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

First, Knox does not provide adequate factual background to establish that this Court has jurisdiction over Bennett. A "district court must first determine whether it has jurisdiction before it can decide whether a complaint states a claim." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890 (9th Cir. 2011); *see Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Whether the complaint states a cause of action on which relief could be granted is a question of law . . . [that] must be decided after and not before the court has assumed jurisdiction over the controversy."). Here, the facts alleged do not make it clear whether

Bennett is a government agent.[1] If Bennett is not a government agent, Knox must provide more details asserting jurisdiction. *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged."); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). To allege diversity jurisdiction, Knox would need to claim not only that she and Bennett were domiciled in different states, but also that the damages Bennett caused her totaled over $75,000.00. *See* 28 U.S.C. § 1332(a)(1); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Here, Knox did not do so.

Second, apart from the jurisdictional issue, two sentences was not enough, in this case, to deduce what happened. From those two sentences, it is impossible to deduce what Bennett has to do with Knox's case, let alone his connection to her injury. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[,]'" so that the defendant can prepare a defense. *Erickson v. Parus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Here, Bennett allegedly denied her claim, but would not know if he needed to defend himself from a negligence or intentional tort cause of action.

While the Court is making every attempt to liberally construe Knox's amended complaint, she still fails to meet the low hurdles of naming the correct party as defendant, filing a grievance with the Federal agency, filing within the statute of limitations, and stating a claim which would entitle her to relief. Without more, for the aforementioned

---

[1] The Supreme Court has created private damages action against federal officials for constitutional torts not covered by the FTCA. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, the Court held that the Fourth Amendment gives rise to a right of action against federal law enforcement officials for damages from an unlawful search and seizure. 403 U.S. 388, 389 (1971). Bivens thus establishes an implied private right of action for tortious deprivation of constitutional rights against federal officials in their personal capacity. *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (citing *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001)).

reasons, the Court **DISMISSES** Knox's amended complaint.

## IV. LEAVE TO AMEND

Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's deficiency. *Balistreri*, 901 F.2d at 701. The "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleading than the person who benefits from the representation of counsel." *Noll*, 809 F.2d at 1448; *see Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013); *see also Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) ("Generally a district court errs in dismissing a pro se complaint for failure to state a claim . . . without giving the plaintiff an opportunity to amend."). Therefore, the Court **GRANTS** Knox leave to amend her complaint.

## V. CONCLUSION

The Court **DENIES as moot** Knox's IFP motion, (Doc. No. 2), and **DISMISSES** Knox's complaint with leave to amend, (Doc. No. 4). Knox must file her second amended complaint by **March 16, 2018**.

**IT IS SO ORDERED.**

Dated: February 7, 2018

Hon. Anthony J. Battaglia
United States District Judge