UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY KNOX,<br><br>                     Plaintiff,<br><br>v.<br><br>CHRISTINA ACOSTA,<br><br>                    Defendant. | Case No.: 18-cv-0030-AJB-AGS<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO FILE IFP AND DISMISSING THE CASE WITHOUT PREJUDICE**<br><br>**(Doc. Nos. 1, 9, 11.)** |

The Court reviews pro se plaintiff Peggy Ruth Knox's second amended complaint ("SAC"), (Doc. Nos. 9, 11), under 28 U.S.C. § 1915(e), as required when a plaintiff files a motion to proceed in forma pauperis, (Doc. No. 1). Under this mandatory screening, the Court finds that Knox's SAC does not sufficiently state a claim for relief. Thus, the Court **DENIES as moot** Knox's IFP motion, (Doc. No. 2), and **DISMISSES** her SAC (Doc. Nos. 9, 11), with leave to amend.

### I. MOTION TO PROCEED IN FORMA PAUPERIS

Knox moves to proceed IFP under 28 U.S.C. § 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d

1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. CivLR 3.2.a.

The Court notes that Knox did not file a renewed IFP motion. However, the Court liberally construes Knox's pro se pleadings; since Knox declared on her application that she is on a fixed income from social security disability, (Doc. No. 2 at 4), the Court finds that it is unlikely that Knox's financial situation has changed from January 4, 2018 (IFP filed) to March 8, 2018 (SAC filed). Thus, the Court reiterates its previous findings regarding Knox's IFP motion:

> Here, Knox indicates in her declaration that she is on a fixed social security disability income of approximately $900 per month, (Doc. No. 2), and has provided further supplemental documentation that her precise income amount is $915.72 per month (Doc. No. 6 at 31). However, Knox's approximate monthly expenses of $1,129 for rent, utilities, food, clothing, laundry, insurance, and credit card installment payments exceed her income. (Doc. Nos. 2, 6.)

(Doc. No. 7 at 1–2.) In light of the above, the Court finds that Knox meets the § 1915(a) requirements and therefore **GRANTS** Plaintiff's motion to proceed IFP. *See* CivLR 3.2.

## II. SCREENING UNDER 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim"). Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts . . . ." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (internal

quotation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint is facially plausible when the facts alleged allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Also, pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleading than litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted); *see Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds*, *Lopez*, 203 F.3d at 1126–30 (9th Cir. 2000). Thus, the Supreme Court has stated that federal courts should liberally construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

Therefore, when considering whether the complaint should be dismissed, the Court should liberally construe Knox's legal claims. However, pro se plaintiffs are expected to follow "the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."). Thus, failure to meet procedural requirements will not receive as much latitude.

### III.  BACKGROUND

Knox filed her first amended complaint, (Doc. No. 4), within one month of her initial complaint, (Doc. No. 1), alleging tort claims against defendants U.S. Customs and Border Protection ("USCBP") and Micah Bennett. The Court subsequently dismissed the first amended complaint with leave to amend, deeming that Knox did not sufficiently state a claim. (Doc. No. 7.) Knox timely filed her second amended complaint on March 8, 2018.

(Doc. No. 9.) In addition to factual additions, in the SAC, Knox included USCBP, Bennett, Jeffrey Bloxsome, Christina Acosta, and Andrea Rodriquez as defendants. (*Id.*) On March 15, 2018, Knox filed another amended complaint, (Doc. No. 11), which solely included an amended cover page. The cover page listed Acosta as the lone defendant. (*Id.* at 1.) Knox orally represented to the Court that the first page of her March 15, 2018 filing, (Doc. No. 11), was meant to replace the first page of her March 8, 2018 filing, (Doc. No. 9). Knox also orally represented to the Court that, though USCBP and its address is listed underneath Acosta's name, Acosta was intended to be the only defendant. Since Knox is a pro se litigant, the Court liberally construes both pleadings together as one, and Acosta as the sole defendant in this action. *See, e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (reasoning that pro se pleadings are liberally construed).

## IV. DISCUSSION

Knox's claims against Acosta stem from Knox's attempts to file an administrative claim against USCBP. On November 16, 2015, Knox got lost while driving to the George Bailey Detention Center, and crossed into Mexico at the San Ysidro border crossing. (Doc. No. 9 at 3.) When she immediately turned around to reenter the United States, she was instructed to drive into an inspection lane. (*Id.* at 3–4.) After being instructed to sit in the driver's seat, Knox claims that two African-American border patrol agents inspected her car, which included laying on the ground underneath her car to take photos. (*Id.* at 4.) She claims that one of the agents hit her car, underneath the passenger side of the vehicle, which damaged the rocker frame. (*Id.*) When the agent hit her car, she was confused about the "loud bangs," because the agent had disappeared from her immediate sight. (*Id.*) Knox claims that, as a result, she suffered personal injury, including shoulder pain and lower-left back pain. (*Id.* at 5.)

Knox then sought to file an administrative tort claim against USCBP. On July 25, 2016, Knox mailed her administrative claim. (*Id.* at 6.) The claim was denied, and, on July 5, 2017, reconsideration was also denied. (*Id.*). On July 28, 2017 and October 31, 2017, CBP's Assistant Chief Counsel also informed Knox that her administrative claim was

denied. (*Id.*)

On February 20, 2018, Knox contacted Acosta, who was a supervisor, about her administrative claim. (*Id.*) Knox believes that she spent two years dealing with the wrong processor for her administrative claim. (*Id.*) Acosta told Knox to submit her tort claim to 720 E San Ysidro, San Diego, CA 92173.[1] (*Id.*) Knox claims that she has submitted her administrative claim to the new address, and has since reached out to speak to Acosta. (*Id.*) Knox called Acosta, leaving two or three messages, and claims that Acosta has not returned her phone calls. (*Id.*)

Since Knox is suing an individual, who can be inferred to work for a governmental agency, for not returning her phone calls regarding her administrative claim, the Court liberally construes her pleading under the Federal Tort Claims Act ("FTCA").

**A. LEGAL STANDARD UNDER FTCA**

An action against the government for damages resulting from the wrongful conduct or negligence of a government employee must be brought under the Federal Tort Claims Act. 28 U.S.C. §§ 2671–80. Under the FTCA, the United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

The United States is the only proper party defendant in an FTCA action. *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1077 (9th Cir. 1998) (per curium) (affirming the district court's dismissal of plaintiff's FTCA claim as improperly brought against a person not subject to the FTCA); *see also Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) ("The district court also properly dismissed Lance's action to the extent his complaint named Does 1 through 20 as additional defendants: the United States is the only proper defendant in an FTCA action.").

The Court has already reiterated to Knox the importance of naming the correct

---

[1] The address to which Knox sent her first administrative claim was 610 Ash St., San Diego, CA 92101. (*Id.*)

defendant in an FTCA claim: "Here, since plaintiff is pro se, the Court overlooks that she has named an incorrect party as defendant. This error would need to be corrected if her case were to proceed." (Doc. No. 7 at 4–5.) In her third amended complaint, the Court urges Knox to heed the Court's advice.[2]

The Court will again construe Knox's claim liberally, as if she had named the correct party as defendant. However, the Court will only address the claims made against Acosta, as she was the only party Knox sought to sue.

### B. PLAINTIFF FAILS TO ALLEGE FACTS THAT SHE EXHAUSTED HER ADMINISTRATIVE REMEDIES

The FTCA provides that the claimant must first present her claim to the appropriate Federal agency. 28 U.S.C. § 2675(a). "The purpose of requiring the plaintiff to file an administrative claim before bringing an action is to allow the agency to investigate the claim to determine whether it should be voluntarily paid or a settlement sought." *Poindexter*, 647 F.2d at 36. The Supreme Court has held that courts lack subject matter jurisdiction and must dismiss FTCA actions which are brought before the administrative remedies are exhausted. *McNeil v. United States*, 508 U.S. 106, 113 (1993). As a jurisdictional prerequisite, an FTCA action can only be initiated "once an administrative claim is denied, either actually, or constructively by the agency's failure to act upon the claim within six months." *Sparrow v. U.S. Postal Service*, 825 F. Supp. 252, 253 (E.D. Cal. 2011) (citing 28 U.S.C. § 2675(a)). The claim filing requirement of the FTCA is jurisdictional in nature and cannot be waived. *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) (citing *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992)); *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985).

---

[2] "When a district court grants leave to amend for a specified purpose, it does not thereafter abuse its discretion by dismissing any portions of the amended complaint that were not permitted." *Coppola v. Smith*, 19 F. Supp. 3d 960, 971 (E.D. Cal. 2014) (internal quotations omitted); *see United States ex rel. Atkinson v. Penn. Shipbuilding Co.*, 473 F.3d 506, 524 (3d Cir. 2007) (interpreting Fed. R. Civ. P. 15(a) and concluding that a "rejection of an unapproved amended complaint is not an abuse of discretion.").

To bring an action for Acosta's conduct under the FTCA, Knox must have first filed a written claim for money damages with the federal agency employing the negligent employee. 28 U.S.C. § 2675. The Court acknowledges that Knox adequately plead that she exhausted her administrative remedies regarding the border patrol agents' conduct. However, the border patrol agents' conduct is not at issue in her SAC. Knox does not plead that she filed any administrative claims regarding Acosta's conduct. Thus, Knox has failed to allege a threshold issue in FTCA cases.

**C. CONDITIONED ON COMPLIANCE WITH § 2675(a), PLAINTIFF ALLEGES FACTS THAT SHE MET THE STATUTE OF LIMITATIONS**

While substantively the FTCA follows state liability law, § 2401(b) unequivocally provides a statute of limitations for FTCA claims in order to "encourage the prompt presentation of claims." *United States v. Kubrick*, 444 U.S. 111, 117 (1979). Therefore, the statute of limitations in § 2401 governs FTCA actions, even when the state statute of limitations is longer or shorter. *Poindexter*, 647 F.2d at 36 ("A court must look to state law for the purpose of defining the actionable wrong for which the United States shall be liable, but to federal law for the limitations of time within which the action must be brought."). Thus, a claim against the government alleging tort liability under the FTCA must be presented in writing to the Federal agency within two years, and the complaint must be filed within six years after the claim was denied by the agency.[3] 28 U.S.C. § 2401.

Knox alleges that she first contacted Acosta on February 20, 2018. (Doc. No. 9 at 6.) If Knox did comply with § 2675(a) and has already filed a written grievance with the Federal agency regarding Acosta's conduct, Knox would be within the allowable time period to file a claim in federal court. Conditioned on Knox's compliance with § 2675(a), her claim is not yet time-barred.

---

[3] The Court acknowledges that Knox adequately plead that she met the statute of limitations regarding the border patrol agents' conduct, as she filed her complaint within eight months of the incident and filed a complaint in federal court within seven months of her claim being denied. However, again, the border patrol agents' conduct is not at issue in her SAC.

## D. PLAINTIFF DOES NOT STATE A FTCA CLAIM REGARDING ACOSTA'S CONDUCT

Courts look to state law to define the actionable wrong for which the defendant is liable under the FTCA. *Poindexter v. United States*, 647 F.2d 34, 36 (9th Cir. 1981). Here, liberally construed, Knox claims Acosta did not return her phone calls, (Doc. No. 9 at 6), thus, the California state law at issue is negligence. In California, negligence is the "failure to exercise the care that a reasonable person would under the circumstances." *Massey v. Mercy Med. Ctr. Redding*, 103 Cal. Rptr. 3d 209, 213 (App. Ct. 2009). To state a claim of negligence, Knox must allege (1) the existence of a legal duty of care, (2) breach of that duty, (3) and proximate cause resulting (4) in injury. *Castellon v. U.S. Bancorp*, 163 Cal. Rptr. 3d 637, 640 (App. Ct. 2013).

The only element of negligence that Knox pleads is breach: that Acosta did not return her phone calls. (Doc. No. 9 at 6.) Knox does not allege any duty that Acosta owed to her, let alone what government agency Acosta worked for. Liberally construing Knox's pleading—inferring that Acosta owed a claimant a duty to exercise reasonable care in responding to her inquiries, and that she breached that duty by not responding—Knox's claim still fails. Fatally, Knox does not allege any injury, consequence, or harm was caused because of Acosta's negligence.

While the Court is making every attempt to liberally construe Knox's SAC, she still fails to meet the low hurdles of naming the correct party as defendant, filing a grievance with the Federal agency, filing within the statute of limitations, and stating a claim which would entitle her to relief. Without more, for the aforementioned reasons, the Court **DISMISSES** Knox's SAC.

## V. LEAVE TO AMEND

Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's deficiency. *Balistreri*, 901 F.2d at 701. The "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleading than

8

18-cv-0030-AJB-AGS

the person who benefits from the representation of counsel." *Noll*, 809 F.2d at 1448; *see Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013); *see also Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) ("Generally a district court errs in dismissing a pro se complaint for failure to state a claim . . . without giving the plaintiff an opportunity to amend.").

The Court infers that Knox misunderstood the pleading standards delineated by the Federal Rules of Civil Procedure and Local Rules. Instead of restating her claims and providing additional allegations, Knox appears to have supplemented the first amended complaint with her narrative and attachments. This is improper; her SAC must stand alone, "complete in itself without reference to the superseded [complaint]." CivLR 15.1.a. As a general rule, "when a plaintiff files an amended complaint, the amended complaint supersedes the original, the latter [is] treated thereafter as non-existent." *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (internal quotations omitted). The Court doubts Knox intended to bring suit against only Acosta for not returning her phone calls, and instead meant to incorporate the new claim with her allegations against the border patrol agents.

Thus, the Court **GRANTS** Knox leave to amend her SAC, and urges Knox to reexamine the law, reexamine who she names as defendants, and present a complete factual description in her third amended complaint.

## VI. CONCLUSION

The Court **DENIES as moot** Knox's IFP motion, (Doc. No. 2), and **DISMISSES** Knox's SAC with leave to amend, (Doc. No. 9, 11). Knox must file her third amended complaint as a stand-alone document by **June 22, 2018**.

**IT IS SO ORDERED**.

Dated: May 29, 2018

Hon. Anthony J. Battaglia
United States District Judge