UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY KNOX,<br><br>                             Plaintiff,<br>v.<br>CHRISTINA ACOSTA,<br>                            Defendant. | Case No.: 18-cv-0030-AJB-AGS<br><br>**ORDER DISMISSING THE CASE WITH PREJUDICE**<br><br>**(Doc. No. 15)** |

Pro se plaintiff Peggy Knox has now had five opportunities to state her federal claim, which the Court reviews under 28 U.S.C. § 1915(e). This review is required when a plaintiff files a motion to proceed in forma pauperis. (Doc. No. 2.) Under this mandatory screening, the Court finds that Knox's "Fourth" Amended Complaint, actually the fifth amendment filed) insufficient to state a claim for relief. Thus, the Court **DENIES as moot** Knox's IFP motion, (Doc. No. 2), and **DISMISSES** her Fourth Amended Complaint, (Doc. No. 15), with prejudice.

## I. SCREENING UNDER 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from

1

a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim"). Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts. . . ." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (internal quotation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint is facially plausible when the facts alleged allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

However, pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleading than litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted); *see Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds*, *Lopez*, 203 F.3d at 1126–30 (9th Cir. 2000). Thus, the Supreme Court has stated that federal courts should liberally construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

## II. BACKGROUND

Knox has now amended her complaint five times since filing her initial complaint, (Doc. Nos. 1, 4, 9, 11, 13, and 15), alleging tort claims against defendants U.S. Customs and Border Protection ("USCBP"), Micah Bennett, Jeffrey Bloxsome, Christina Acosta, and Andrea Rodriquez as defendants. (*See generally id.*) Her current complaint, the fourth amended complaint, properly names the United States as a defendant. (Doc. No. 15 at 1.)

In her fourth amended complaint, Knox states she got lost searching for the George Bailey Detention Center and accidentally crossed the border. (Doc. No. 15 ¶¶ 3–4.) She was instructed to drive into an inspection lane where two border patrol agents directed her

2

18-cv-0030-AJB-AGS

to remain in the driver's seat while they inspected her vehicle. (*Id.* ¶¶ 4–8.) At that point, Knox heard "two loud bangs" and saw one of the agents holding a "black stick in his hand." (*Id.* ¶¶ 9, 12.) The agents then allowed her to leave and she went to the George Bailey Detention Center where she began to feel "sharp pain" in her "head [and] neck." (*Id.* ¶ 16.) To relieve the pain, Knox took pain reliever and visited a chiropractor." (*Id.* ¶¶ 17–20.) Knox also discusses two prior accidents she was involved in. In 2013, she was in a Vons parking lot when her cart was hit by a car. (*Id.* ¶ 21.) And in 2015, she was in her vehicle in a Fed Ex parking lot and hit by another car. (*Id* ¶ 24.) She alleges the border incident resulted in damage to her car, as well as severe emotional distress. (*Id.* ¶¶ 29, 35.) Finally, Knox attaches various forms documenting her physical and emotional distress. (*Id.* at 6–38.) One of these forms, presumably written by a doctor, states "a border patrol agent was inspecting her car. She said he went under the back left side of her vehicle and started to hit the under carriage hard with a metal crow bar. The forceful impacts created a headache and pain in her neck and upper back." (*Id.* at 7.)

### III.  DISCUSSION

An action against the government for damages resulting from the wrongful conduct or negligence of a government employee must be brought under the Federal Tort Claims Act. 28 U.S.C. §§ 2671–80. Under the FTCA, the United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Based on Knox's current complaint, the Court could interpret her complaint as bringing a negligence claim for the agent's alleged negligent handling of her vehicle resulting in apparent injury to her person.

However, the FTCA's "detention of goods" exception strips this Court of sovereignty over her claims. The United States waives its sovereign immunity to allow recovery "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b); *see also* 28 U.S.C. § 2674. However, these provisions do not apply to "[a]ny claim arising in respect of the assessment

3

18-cv-0030-AJB-AGS

or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2860(c). The Supreme Court has broadly construed the language "arising in respect of" to mean any claim "arising out of" the detention of goods or property, including a claim resulting from negligent handling or storage of the detained property. *Kosak v. United States*, 465 U.S. 848, 854 (1984).

In a similar case arising out of Arizona, the Court dismissed plaintiff's claim "based on personal injuries sustained while maneuvering her vehicle into a secondary inspection bay at a CBP port of entry." *Boyd v. United States*, 2011 WL 31285, at *2 (D. Ariz. Jan. 5, 2011). The Court held that "[b]ecause Plaintiff's injury 'arises out of' the detention of the vehicle in which she was riding, her negligence claim falls squarely within the exception in § 2680(c)." *Id.*; *See Goodman v. United States*, 987 F.2d 550, 551–52 (8th Cir. 1993) (finding routine customs inspection constitutes detention under § 2680(c)). The Ninth Circuit has held that the detention of goods exception bars personal injury claims arising from the detention of goods, regardless of whether they were intentional torts or grounded in negligence. *Gasho v. United States*, 39 F.3d 1420 (9th Cir. 1994); *see also Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 808 (9th Cir. 2003) (dismissing negligence claim where "alleged negligence resulting in damage occurred while [plaintiff's] personal property was detained").

Here, any alleged damage to Knox's vehicle, and the subsequent injury to her head and neck were the result of the border agents' detention of her vehicle as she was coming back into the United States after she accidentally entered into Mexico. Thus, similar to the plaintiff in *Boyd*, the injury arose during a detention by border agents and the United States retains its sovereign immunity against Knox's claim.

## IV. LEAVE TO AMEND

Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's deficiency. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1988). The "rule favoring liberality in amendments to pleadings is particularly important

for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleading than the person who benefits from the representation of counsel." *Noll*, 809 F.2d at 1448; *see Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013); *see also Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) ("Generally a district court errs in dismissing a pro se complaint for failure to state a claim . . . without giving the plaintiff an opportunity to amend."). However, a district court may in its discretion deny leave to amend due to repeated failures to cure deficiencies by amendments previously allowed. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). "The district court's discretion to deny leave to amend is particularly broad." *Id.*

In the Court's prior order, it allowed Knox one last opportunity to amend, as Knox had repeatedly omitted facts and alleged new facts in each of her complaints. Looking at the fourth amended complaint as the final complaint alleging all relevant facts, the Court finds it would be futile to allow Knox another opportunity to amend. While the Court is sympathetic Knox's claim is now dismissed, the Court gave her every opportunity to allege the proper defendants, relevant facts, and theories of law.

## V. CONCLUSION

For the reasons stated herein, the Court **DISMISSES** Knox's fourth amended complaint with prejudice. Despite giving Knox several chances to amend, the Court simply does not see a way for Knox to allege any new facts not previously stated which would waive the United States' sovereign immunity.

**IT IS SO ORDERED**.

Dated: December 3, 2018

Hon. Anthony J. Battaglia
United States District Judge